THE PEOPLE OF THE STATE OF NEW YORK EX REL. JAMES W. TODD, APPELLANT, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, RESPONDENT.

*Village of New Rochelle — chap.* 249 *of* 1864 *— power of trustees — enforcement of ordinances.*

The trustees of the village of New Rochelle were authorized to pass by-laws "to compel all persons or corporations landing passengers within the limits of said village, to construct such suitable and safe platforms and accommodations as are necessary for the safety of passengers." *Held,* that the trustees had no authority to pass a by-law directing the defendant to reconstruct a platform and stairway upon land not belonging to it, but which, it was alleged, could be purchased for a reasonable sum, and enforce the same by *mandamus.*

The only method of compelling obedience to ordinances adopted under such authority, is by passing ordinances affixing a penalty to their violation and enforcing the same by action.

APPEAL from an order denying a motion for a *mandamus.*

This was an application by the president of the village of New Rochelle to enforce by *mandamus* a resolution of the board of trustees of New Rochelle, requiring the respondent to construct a passenger platform with stairway attachment on the southerly side of its depot in said village, in addition to the one already existing on the north side thereof and upon land not belonging to the respondent.

*Banks & Keogh,* for the appellant.

*Case & Robertson,* for the respondent.

HUN — VOL. XI.    38

BARNARD, P. J.:

By title 3, section 1 of chapter 249, Laws of 1864, the trustees of the village of New Rochelle, were empowered within said village " to make, establish, publish, alter, modify, amend and repeal, rules, regulations, resolutions, ordinances and by-laws, for the following purposes." * * *

Section 6, * * * and shall have the power to compel all persons or corporations landing passengers within the limits of said village, to construct such suitable and safe platforms and accommodations as are necessary for the safety of passengers. This clause was added to the original section 6, by amendment passed in 1867, chapter 176, Laws of 1867.

On the 24th day of July, 1875, the defendant was notified, that the trustees of the village had passed a resolution, directing the clerk of the village to request the railroad company " to construct a passenger platform, with stairway attachment, on the southerly side of the depot " in said village, and in default thereof in ninety days thereafter, that the president of the village was authorized to take legal measures to enforce the same. The company did not make the platform, and the president of the village applies for a writ of *mandamus.* I think the application was properly denied.

If the power given in the charter permits the trustees to determine the kind of platform needed, the power has not been exercised.

If the power given, is only to impose a penalty for neglect to provide suitable platform, that power has not been exercised.

The particular place where the trustees designate as the place for the construction of the passenger platform and stairway, is not owned by the defendants. The papers aver, that the defendants can acquire the title thereto, for a reasonable consideration ; but can the power given to the trustees embrace the right to designate the place, and compel the company to buy the same for the purpose. I think the trustees have no such power. That they are to compel passenger platforms as " they prevent nuisances," " and compel all persons to keep clean sidewalks," by ordinances affixing penalties for neglect, and enforcing obedience by action for the penalty.

Order should be affirmed with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.